UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC -3  P 4: 19

U.S. DISTRICT C...
NEW HAVEN, C...

KAREN VERRINDER,                    :

        Plaintiff,              :    No. 3:01CV1116 (MRK)

    v.                             :

ANTHONY J. PRINCIPI,                :
SECRETARY OF VETERANS AFFAIRS,      :
                                    :
        Defendant.             :    DECEMBER 3, 2003

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO
STAY SUMMARY JUDGMENT AND REQUEST FOR A STATUS CONFERENCE**

I.    Introduction

    Pursuant to Local Rule 7 of the Local Rules of Civil

Procedure for the District of Connecticut, the defendant, Anthony

J. Principi, Secretary of Veterans Affairs, ("VA"), through

undersigned counsel, hereby respectfully submits this memorandum

in opposition to the plaintiff's motion to stay the defendant's

motion for summary judgment in the above-captioned action.  The

relief sought by the plaintiff should be denied for the reasons

that follow.  In addition, the defendant requests a status

conference with the Court regarding the plaintiff's motion to

stay.

II.    Procedural Background[1]

    The plaintiff commenced this action on June 19, 2001.  On

February 25, 2002, the Court approved the parties Rule 26(f)

---

[1]The defendant relies on its memorandum in support of its
motion for summary judgment for a comprehensive factual and
procedural background of this matter.

of the delay was due to the conduct of the defendant and thus the

Court should grant her a fifth extension of time, three months

after discovery has closed and two months after the defendant

filed its motion for summary judgment, to complete the

depositions of two witnesses.  Because the conduct of plaintiff's

own counsel caused the delays throughout the discovery process in

this matter, the Court should deny the untimely relief sought by

the plaintiff in her motion and order her to respond to the

defendant's motion for summary judgment.

As explained below, depositions were scheduled for Margaret

Veazey, Jan Joseph and Jody Moon on several occasions, all of

which were cancelled by plaintiff's counsel.  Counsel's claim

that he diligently attempted to comply with discovery deadlines

and that he was somehow forced into the situation which he now

finds himself is not only disingenuous but is not supported by

the record.  For ease of the discussion, the defendant will

discuss the plaintiff's conduct in relation to each witness.

The plaintiff's contention that the defendant prevented her

from completing Jody Moon's deposition is without merit.

Specifically, although it is true that Ms. Moon was only

available to be deposed in the morning on June 30, 2003 due to

scheduling conflicts, plaintiff's counsel was advised that she

would be made available again so that her deposition could be

3

completed.[2]   Based on that agreement, Ms. Moon's deposition was

rescheduled for August 27, 2003.   (See Exhibit A, Letter to

plaintiff's Counsel dated August 25, 2003)   However, plaintiff's

counsel cancelled the deposition without explanation despite the

fact that he previously represented to the undersigned that he

was available that day.[3]   (See Exhibit B, Letter to Plaintiff's

Counsel dated August 26, 2003)   This is so even though the

undersigned made it clear to plaintiff's counsel that Ms. Moon

blocked this time for the deposition, rescheduled patients to

accommodate counsel's schedule, and that this was the only time

she was available due to other commitments.[4]   (See Exhibit B)

Consequently, any harm to the plaintiff is the result of her

counsel's dilatory behavior during the discovery process.

---

[2]At pages 7 and 9 of the plaintiff's memorandum in support
of her motion to stay the motion for summary judgment,
plaintiff's counsel represents that the deposition started late
due to "poor travel instructions."   (See Plaintiff's Mem. Supp.
at p. 7, 9)   Notably, however, the deponent, government counsel,
agency counsel, and the plaintiff herself were all on time for
Jody Moon's deposition.   In addition, at no point did plaintiff's
counsel attempt to notify the defendant or his client that he
would be late.

[3]In that same letter, the undersigned again requested that
plaintiff's counsel confirm the rescheduled deposition dates of
Jan Joseph and Margaret Veazey.

[4]That same day plaintiff's counsel faxed a letter to the
undersigned claiming that the parties had agreed to reschedule
Ms. Moon's deposition.   (See Exhibit C, Letter from Plaintiff's
Counsel dated August 26, 2003)   However, there was no such
agreement.   (See Exhibit D, Letter to Plaintiff's Counsel dated
August 26, 2003)

4

The plaintiff's assertion that the defendant also prevented her from completing Jan Joseph's deposition is likewise without merit.  Again, although it is true that Ms. Joseph was only initially available for the afternoon on June 30, 2003, plaintiff's counsel was well aware of this time limitation.  In fact, plaintiff's counsel selected the afternoon of June 30, 2003 to depose Ms. Joseph because it was right after Ms. Moon's scheduled deposition and apparently it accommodated his schedule. (See Exhibit E, Letter from Plaintiff to Defendant's Counsel dated June 11, 2003)  Thus, any claim that he was not aware of this time limitation is disingenuous.

Moreover, Ms. Joseph's deposition was rescheduled for September 5, 2003, but only after repeated inquiries from the undersigned that plaintiff's counsel confirm this date in writing.  (See Exhibit F, Re-Notice of Deposition of Jan Joseph; Exhibits A, B and D)  However, plaintiff's counsel again cancelled the deposition only days before it was scheduled to be conducted.  Specifically, on September 3, 2003, plaintiff's counsel left a message on the undersigned's voice mail simply stating that he would be unable to take Ms. Joseph's rescheduled deposition.  (See Exhibit G, Letter to Plaintiff's Counsel dated September 4, 2003)[5]  After several telephone calls to plaintiff's

---

[5]The letter to plaintiff's counsel contains a clerical error in that it discusses the deposition of Jody Moon, not Jan Joseph. However, Ms. Moon's rescheduled deposition was for August 27,

5

counsel with no response, and based on the continued pattern of

cancelling depositions at the last moment, the undersigned

advised Ms. Joseph that the rescheduled deposition would not

proceed as scheduled.  (See id.)  At no point between this

September 4, 2003 letter and the present motion to stay, a period

of over three months, has plaintiff's counsel attempted to depose

Ms. Joseph.  Nor has plaintiff's counsel ever raised the issue

with the undersigned prior to the filing of the motion to stay.

Accordingly, any harm to the plaintiff is the result of her

counsel's repeated cancellation of depositions at the last moment

and is not attributable to the defendant.[6]

   In sum, despite plaintiff's counsel's representations to the

contrary, the plaintiff has had every opportunity to complete the

depositions within the discovery time afforded by the Court.  Her

failure to do so is not attributable to the defendant but rather

---

2003 and Ms. Joseph's rescheduled deposition was for September 5,
2003.  (See Exhibit F, Re-notice of Jan Joseph's Deposition)

[6]Although the plaintiff has not requested permission from
the Court to complete Margaret Veazey's deposition, counsel's
conduct regarding her deposition is further evidence of
plaintiff's dilatory and disruptive conduct throughout the
discovery process.  Specifically, Ms. Veazey's deposition was
scheduled on four separate occasions: March 17, 2003, May 30,
2003, and July 14, 2003; all of which were cancelled by
plaintiff's counsel on the eve of those dates.  (See Exhibit H,
Re-Notice of Deposition; see also Exhibit A)  The plaintiff
finally deposed Ms. Veazey on September 11, 2003.  However,
although the deposition was scheduled to begin promptly at 12:00
p.m., plaintiff's counsel did not arrive until 1:20 p.m. and only
after the undersigned repeatedly called his office to inquire of
his whereabouts.

is the result of her counsel's continued pattern of scheduling depositions and then cancelling them at the last moment. Moreover, discovery expired on September 14, 2003 and the defendant filed a motion for summary judgment on October 8, 2003. The plaintiff, however, waited almost three months from the expiration of discovery to move for an extension of time to complete the depositions of Jody Moon and Jan Joseph. In fact, the defendant consented, and the Court granted the plaintiff an initial thirty day extension of time to file an opposition to the defendant's motion for summary judgment and at no point did plaintiff's counsel advise the undersigned or the Court that additional discovery was contemplated. The plaintiff's failure to move for an extension of time prior to the close of discovery, or at a minimum when the defendant filed its motion for summary judgment is further illustrative of the plaintiff's dilatory conduct in this matter. Consequently, the Court should deny the plaintiff's motion and order the plaintiff to file its opposition to the defendant's motion for summary judgment.

    2.    Rule 56(f)

Assuming the Court construes the plaintiff's motion as a request pursuant to Rule 56(f) of the Federal rules of Civil Procedure, she cannot satisfy the requirements of Rule 56(f) and thus the Court should deny the plaintiff's motion to stay the motion for summary judgment.

Courts have interpreted Rule 56(f) to provide that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had an opportunity to take discovery and rebut the motion. See Commercial Cleaning Servs., L.L.C. v. Colin Serv. Systems, Inc., 271 F.2d 374, 386 (2d. Cir. 2001). The Second Circuit has established a four-part test to determine the sufficiency of an affidavit or declaration submitted pursuant to Rule 56(f).[7] The affidavit or declaration must detail: "(1) the nature of the uncompleted discovery; (2) how the facts sought are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful." Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).

The plaintiff has failed to meet the necessary requirements to warrant relief under Rule 56(f). She fails to sufficiently identify the testimony she would like to obtain if given another opportunity to depose Ms. Moon and Ms. Joseph. Moreover, she has failed to establish how such depositions would aid her in raising genuine issues of material fact. Finally, considering the fact

---

[7]Notably, the plaintiff has not submitted an affidavit or declaration in compliance with Rule 56(f).

that the undersigned made the witnesses available on multiple occasions with plaintiff's counsel repeatedly cancelling scheduled depositions without good cause, any failure to obtain this discovery is attributable to plaintiff's counsel's lack of diligence. Indeed, the plaintiff had sufficient time to schedule the depositions at issue well in advance of the defendant's filing its motion for summary judgment. See Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511-12 (2d Cir. 1989); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F. 2d 919, 927 (2d Cir. 1985). Consequently, because the plaintiff failed to make use of over one and a half years of discovery and because she also failed to take steps to seek more time until after the defendant filed its motion for summary judgment, the Court should deny the plaintiff's motion to stay.

V.   CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court deny the plaintiff's motion to stay the motion for summary judgment. In addition, the defendant requests a status conference with the Court at its earliest convenience.

9

Respectfully submitted,

DEFENDANT, ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

DOUGLAS P. MORABITO
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR NO. ct20962

10

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the within and foregoing, has been mailed, postage prepaid, on this 3rd day of December, 2003, to:

Eugene N. Axelrod, Esq.
Employment Law Group
8 Lunar Drive
Woodbridge, CT  06525

*Douglas P. Morabito*
DOUGLAS P. MORABITO

11

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut  06510          (203) 821-3700

August 25, 2003                         Fax (203) 773-5376

**Via Fax and Federal Express**

Eugene Axelrod
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:     <u>Karen Verrinder v. Anthony J. Principi, Secretary of Veterans Affairs</u>
        Case No. 3:01cv1116(PCD)

Dear Mr. Axelrod:

    I am in receipt of your letter dated August 21, 2003 regarding the availability of certain deponents for their depositions to be taken.  To begin with, at no time prior to August 12, 2003, did you provide me with specific dates for the depositions of Jan Joseph, Jody Moon or Margaret Veazey.  Only after I wrote a letter to you dated August 13, 2003, requesting your availability did you provide me with dates.  In addition, we have previously scheduled the deposition of Ms. Veazey on March 17, 2003, May 30, 2003 and July 14, 2003; all of which were cancelled by your office on the eve of those dates.  Notably, I advised your paralegal Melissa Grant in a letter dated June 12, 2003, that I would not produce Ms. Veazey if her July 14, 2003 deposition was again cancelled by your office.

    Notwithstanding your continued cancellation of scheduled deposition dates, I have provided your paralegal Melissa Grant with available dates.  Specifically, Jody Moon is available on August 27, 2003 from 10:00 a.m. to 2:00 p.m. in Windham.  While I understand your position regarding traveling to Windham, unfortunately this is the only time Ms. Moon is available.  Please advise me immediately whether you plan to go forward on that date.  Jan Joseph is available on September 5, 2003 from 1:30 p.m. to 4:30 p.m. at the Newington VA.  Finally, Margaret Veazey is available on September 11, 2003, from 12:00 p.m. to 4;00 p.m. at the West Haven VA.  Please advise me in writing whether you plan on going forward with these depositions.

    Thank you for your anticipated cooperation in this matter.



GOVERNMENT
EXHIBIT

A



*United States Attorney*
*District of Connecticut*

---

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street* | |
| *P.O. Box 1824* | |
| *New Haven, Connecticut 06510* | *Fax (203) 773-5376* |
| **August 26, 2003** | |

**Federal Express**

Eugene Axelrod
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:  Karen Verrinder v. Anthony J. Principi, Secretary of Veterans Affairs
     Case No. 3:01cv1116(PCD)

Dear Mr. Axelrod:

        Based on our telephone conversation today, Jody Moon's deposition will not go forward on August 27, 2003, because you have stated to me that you have personal matters to attend to. Ms. Moon blocked this time based on your representation that you were available at this time. I note that Ms. Moon is a nurse with a very busy schedule and it is extremely difficult for her to continue to schedule time for her deposition with your office cancelling it at the last moment. Indeed, I advised you in a letter dated August 25, 2003, that this was the only time Ms. Moon was available. Again, you told me you were available on August 27, 2003.

        Finally, I have scheduled Jan Joseph for September 5, 2003 from 1:30 p.m. to 4:30 p.m. at the Newington VA and Margaret Veazey for September 11, 2003, from 12:00 p.m. to 4;00 p.m. at the West Haven VA. As I am sure you are aware, discovery in this matter closes on September 15, 2003. Please advise me in writing whether you plan on going forward with these depositions.

        Thank you for your anticipated cooperation in this matter.

                        Very truly yours,

                        KEVIN J. O'CONNOR
                        UNITED STATES ATTORNEY

                        *Douglas P. Morabito*

                        DOUGLAS P. MORABITO
                        ASSISTANT UNITED STATES ATTORNEY

DPM



GOVERNMENT
EXHIBIT

B

Case 3:01-cv-01116-MRK    Document 26    Filed 12/03/2003    Page 13 of 24

# THE EMPLOYMENT LAW GROUP, LLC
## 8 LUNAR DRIVE
## WOODBRIDGE, CT 06525
*www.employmentlawgroup.com*

EUGENE N. AXELROD, ESQ.                                    PH: 203.389.6526
                                                           FX: 203.389-2656

Via: Facsimile

August 26, 2003

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

Re:    Karen Verrinder v. Veterans Affairs, et al
       3:01CV1116 (MRK)

Dear Attorney Morabito:

Confirming our conversation this day wherein we agreed pursuant to my previous letter
dated August 21, 2003, to reschedule the deposition of Jody Moon and to hold the
deposition at the VA campus in Newington.

Thank you for your cooperation.

Sincerely,
The Employment Law Group LLC



Eugene N. Axelrod

cc.:Melissa Grant Paralegal

Morabito ltr Judy Moon depo 8.26. 03

**GOVERNMENT EXHIBIT**
C

1



U.S. Department of Justice

United States Attorney
District of Connecticut

| | |
|---|---|
| Connecticut Financial Center | (203) 821-3700 |
| 157 Church Street | |
| P.O. Box 1824 | |
| New Haven, Connecticut  06510 | Fax (203) 773-5376 |

August 26, 2003

**Federal Express**

Eugene Axelrod
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:     Karen Verrinder v. Anthony J. Principi, Secretary of Veterans Affairs
          Case No. 3:01cv1116(PCD)

Dear Mr. Axelrod:

        I am in receipt of your letter dated August 26, 2003, where you state that we agreed to reschedule the deposition of Jody Moon and to hold the deposition at the Newington VA. This is inaccurate and there was no such agreement. As I made very clear to you in my letter dated August 25, 2003, Ms. Moon was only available on August 27, 2003, in Windham, Connecticut. Despite the fact that you previously told me you were available on August 27, 2003, and only after my repeated telephone calls to your office regarding whether the deposition would go forward, did you notify me that you had to cancel that date due to a personal conflict. I further reiterated this fact in a letter to you dated August 26, 2003.

        As I also indicated in my August 26, 2003, letter, I have scheduled Jan Joseph for September 5, 2003 from 1:30 p.m. to 4:30 p.m. at the Newington VA and Margaret Veazey for September 11, 2003, from 12:00 p.m. to 4;00 p.m. at the West Haven VA. You have yet to confirm these dates. Again, please advise me in writing whether you plan on going forward with these depositions.

        Thank you for your anticipated cooperation in this matter.

                                        Very truly yours,

                                        KEVIN J. O'CONNOR
                                        UNITED STATES ATTORNEY

                                        Douglas P. Morabito

                                        DOUGLAS P. MORABITO
                                        ASSISTANT UNITED STATES ATTORNEY

DPM



GOVERNMENT
EXHIBIT
D

## THE EMPLOYMENT LAW GROUP, LLC
### 8 LUNAR DRIVE
### WOODBRIDGE, CT 06525
*www.employmentlawgroup.com*

MELISSA A. GRANT,
PARALEGAL

Ph: 203.389.6526
Fx: 203.389-2656

June 11, 2003

**Via: First Class Mail & Facsimile**
203-773-5376

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

Re:   <u>Karen Verrinder v. Veterans Affairs, et al</u>
      3:01CV1116 (CFD)

Dear Attorney Morabito:

I am writing to re-schedule the cancelled deposition of Margo Vessey and for the availability of Jan Joseph; I was wondering if you heard from her to schedule a date. I have the following dates available for Attorney Axelrod; June 23, 27, the afternoon of the 30th after Jody Moon, July 3, and July 14, 2003.

As you know cut off is July 14, 2003 please try to get back to me by Monday the latest so we can work all the dates out as quickly as possible.

As always thank you for your cooperation.

Sincerely,
The Employment Law Group, LLC

Melissa Grant
Paralegal

Verrinder evr ltr Morabito deposition scheduling June & July 82-02

GOVERNMENT
EXHIBIT

E

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KAREN VERRINDER                    :
                                   :    **CIVIL ACTION NO.**
    **Plaintiff,**     :    **3:01CV1116(mrk)**
                                   :
**v.**                             :    **AT NEW HAVEN**
                                   :
                                   :    **September 2, 2003**
VETERANS AFFAIRS ET AL             :
    Defendant.

TO:   **Ms. Jan Joseph**
     **c/o Douglas P. Morabito, Esq.**
     **Untied States Attorney**
     **157 Church Street**
     **New Haven, CT 06510**

### RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 30, Local

Rule 13, Plaintiff **Karen Verrinder**, through counsel will take the deposition of **Jan**

**Joseph**, in the above-referenced action on **September 5, 2003, at 1:30 p.m.** at **Veterans**

**Affairs Connecticut Healthcare System, Newington, CT**, before Del Vecchio Court

Reporting Services or another competent authority. The oral examination will continue

from day to day thereafter until completed. You are invited to attend and cross examine.

By: 

              Eugene N. Axelrod CT00309
              The Employment Law Group, LLC
              8 Lunar Drive
              Woodbridge, CT 06525
              (203) 389-6526
              (203) 389-2656 fax

GOVERNMENT
EXHIBIT
F

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been served, via First Class Mail postage prepaid, on this 2nd day of September 2003, to counsel of record.

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

Eugene N. Axelrod



U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street* | |
| *P.O. Box 1824* | |
| *New Haven, Connecticut  06510* | *Fax (203) 773-5373* |

September 4, 2003

**Federal Express and Facsimile**

Eugene Axelrod
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525
(203) 389-2656

Re:    <u>Karen Verrinder v. Anthony J. Principi, Secretary of Veterans Affairs</u>
       Case No. 3:01cv1116(MRK)

Dear Mr. Axelrod:

This letter is in response to your voice mail received September 3, 2003, where you state that you are unable to take the deposition of Jody Moon at the Newington VA on September 15, 2003. As an initial matter, Ms. Moon's deposition is scheduled for Friday, September 5, 2003, at 1:30 p.m. Your paralegal, Melissa Grant, confirmed this date by letter dated September 2, 2003. In any event, I have called your office numerous times today to confirm that you will not take Ms. Moon's deposition on Friday, September 5, 2003. However, you have not returned my telephone calls. Consequently, based on your continued pattern of cancelling depositions at the last moment, I have notified Ms. Moon that you will not be taking her deposition tomorrow.

Thank you.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY

DPM



GOVERNMENT
EXHIBIT
6

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KAREN VERRINDER                 :
                                :      **CIVIL ACTION NO.**
    **Plaintiff,**               :      **3:01CV1116(CFD)**
                                :
**v.**                          :      **AT HARTFORD**
                                :
                                :
VETERANS AFFAIRS ET AL          :      **May 9, 2003**
    Defendant.

TO:   **Ms. Margaret Veasey**
      **c/o Douglas P. Morabito, Esq.**
      **Untied States Attorney**
      **157 Church Street**
      **New Haven, CT 06510**

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 30, Local

Rule 13, Plaintiff **Karen Verrinder**, through counsel will take the deposition of

**Margaret Veasey**, in the above-referenced action on **May 30th, 2003**, at **11:00 a.m.** at

**Veterans Affairs Connecticut Healthcare System, West Haven Medical Center, 950**

**Cambell Avenue, West Haven, CT**, before Del Vecchio Court Reporting Services or

another competent authority.

The oral examination will continue from day to day thereafter until completed. You are

invited to attend and cross examine.



By: ~~Eugene N. Axelrod~~ CT00309
      The Employment Law Group, LLC
      8 Lunar Drive
      Woodbridge, CT 06525
      (203) 389-6526
      (203) 389-2656 fax

GOVERNMENT
EXHIBIT
H

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been served, via First Class Mail postage prepaid, on this 9th day of May 2003, to counsel of record.

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

Eugene N. Axelrod

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN VERRINDER | : | |
| | : | CIVIL ACTION NO. |
| **Plaintiff,** | : | 3:01CV1116(CFD) |
| | : | |
| v. | : | AT HARTFORD |
| | : | |
| | : | |
| VETERANS AFFAIRS ET AL | : | June 18, 2003 |
| Defendant. | | |

TO:  Ms. Margaret Veasey
c/o Douglas P. Morabito, Esq.
Untied States Attorney
157 Church Street
New Haven, CT 06510

### RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 30, Local

Rule 13, Plaintiff **Karen Verrinder**, through counsel will take the deposition of

**Margaret Veasey**, in the above-referenced action on **July 14, 2003,** at **9:00 a.m.** at

**Veterans Affairs Connecticut Healthcare System, West Haven Medical Center, 950**

**Cambell Avenue, West Haven, CT**, before Del Vecchio Court Reporting Services or

another competent authority.

The oral examination will continue from day to day thereafter until completed. You are

invited to attend and cross examine.

By: _____

Eugene N. Axelrod CT00309
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525
(203) 389-6526
(203) 389-2656 fax

## CERTIFICATION

This is to certify that a copy of the foregoing has been served, via First Class Mail postage prepaid, on this 18th day of June 2003, to counsel of record.

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

Eugene N. Axelrod

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KAREN VERRINDER** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:01CV1116(ʍ&ʀ)** |
| | : | |
| **v.** | : | **AT NEW HAVEN** |
| | : | |
| | : | **September 2, 2003** |
| **VETERANS AFFAIRS ET AL** | : | |
| **Defendant.** | | |

TO:    **Ms. Margaret Veazey**
       **c/o Douglas P. Morabito, Esq.**
       **Untied States Attorney**
       **157 Church Street**
       **New Haven, CT 06510**

### RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 30, Local

Rule 13, Plaintiff **Karen Verrinder**, through counsel will take the deposition of

**Margaret Veazey**, in the above-referenced action on **September 11, 2003, at 12:00 p.m.**

at **Veterans Affairs Connecticut Healthcare System, West Haven Medical Center,**

**950 Cambell Avenue, West Haven, CT**, before Del Vecchio Court Reporting Services

or another competent authority. The oral examination will continue from day to day

thereafter until completed. You are invited to attend and cross examine.

By: _____
Eugene N. Axelrod CT00309
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525
(203) 389-6526
(203) 389-2656 fax

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been served, via First Class Mail postage prepaid, on this 2nd day of September 2003, to counsel of record.

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

Eugene N. Axelrod