UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KAREN VERRINDER** | CIVIL ACTION NO. |
| Plaintiff | 3:01CV1116 (MRK) |
| v. | |
| **ANTHONY J. PRINCIPI, SECRETARY OF VETERANS AFFAIRS** | December 2, 2003 |
| Defendant | |

### PLAINTIFF KAREN VERRINDER'S MOTION TO STAY THE MOTION FOR SUMMARY JUDGMENT AND TO GRANT ADDITIONAL TIME FOR THE PLAINTIFF TO COMPLETE DEPOSITIONS

Plaintiff Karen Verrinder, by and through her attorney Eugene N. Axelrod of the Employment Law Group, LLC, hereby respectfully requests that the Court grant the Plaintiff's Motion to Stay the Motion for Summary Judgment and to Grant Additional Time for the Plaintiff to Complete Depositions. The Plaintiff requests the stay and additional time because: (i) the Plaintiff was unable to complete depositions of witnesses by the end of the discovery period, (ii) the Defendant impermissibly restricted the amount of time the Plaintiff's attorney was permitted to question deposition witnesses, (iii) the Defendant refused to permit witnesses employed by the Defendant to take time off of work as provided in the Fed. R. Civ. P. in order to be deposed, and (iv) only allowed the Plaintiff to depose witnesses employed by the Defendant at the employees place of work.

The Plaintiff has conferred with counsel for the Defendant and he has stated that although he must oppose this motion he has no opposition to this courts grant of an Enlargement of Time for the Plaintiff to respond to Defendant's Motion for Summary Judgment.

1

Plaintiff respectfully submits the annexed Memorandum of Law in Support of its Motion.

          Respectfully Submitted,
          The Plaintiff
          Karen Verrinder

          By:_____
          Eugene N. Axelrod, Esq.
          The Employment Law Group, LLC
          8 Lunar Drive
          Woodbridge CT 06525
          Fed. Bar No. ct 00309
          Tel: (203) 389-6526
          Fax: (203) 389-2656

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN VERRINDER<br>Plaintiff | CIVIL ACTION NO.<br>3:01CV1116 (MRK) |
| v. | |
| ANTHONY J. PRINCIPI, SECRETARY<br>OF VETERANS AFFAIRS<br>Defendant | December 2, 2003 |

**PLAINTIFF KAREN VERRINDER'S MEMORANDUM IN SUPPORT OF MOTION TO STAY THE MOTION FOR SUMMARY JUDGMENT AND TO GRANT ADDITIONAL TIME FOR THE PLAINTIFF TO COMPLETE DEPOSITIONS**

Plaintiff Karen Verrinder, by and through her attorney Eugene N. Axelrod, Esq. of the Employment Law Group, LLC, hereby submits this Memorandum in Support of the Plaintiff's Motion to Stay the Motion for Summary Judgment and to Grant Additional Time for the Plaintiff to Complete Depositions for the court's consideration.

### INTRODUCTION

This action arises from a multi-count complaint filed by Plaintiff Karen Verrinder against the Defendant, the Department of Veterans Affairs in its capacity as her former employer. The complaint alleges violations of the Rehabilitation Act of 1973, 29 U.S.C. §791 *et seq.* and C.F.R. §1614.101(a), retaliation in violation of Title VII, 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §12203 and 29 C.F.R. §1614.101 (b), and the creation of a hostile and abusive work environment in violation of Title VII, 42 U.S.C. §2000e-3a.

The Plaintiff Karen Verrinder, was employed as a nurse/recruiter and Special Projects Coordinator at the Department of Veteran Affairs in the Veteran Affairs Connecticut Health Care System. In 1995, the Plaintiff injured her back and was

3

diagnosed with a severe back injury rendering a permanent disability rating of 7% in her lumbar. As a result of her injury, the Plaintiff is limited in the duration in which she can sit and stand, and per doctor's orders, can only lift up to twenty (20) pounds but with reasonable accommodation she can perform the duties assigned her. The VA knew of the Plaintiff's injuries through their own doctors and whereby the Plaintiff's treating physicians kept the employer aware of her medical condition and prognosis. From November 1995 to November 1997, the Plaintiff applied for other positions that would ease the strain on her injuries but those attempts were blocked by her immediate supervisor, the Chief of Nursing Janice Joseph.

## FACTUAL BACKGROUND

On or about 1993, the Plaintiff served on a committee to select a candidate for a "Nurse Practitioner Upward Mobility Position. One of the candidates was Claudia King, the significant other of Janice Joseph. After careful consideration, the committee decided that Ms. King was not the most qualified person for the position. Ms. King filed an EEOC complaint against the VA Medical Center alleging that she was not selected for the position because of her disability or handicap. On June 14, 1994, the Plaintiff testified in an official proceeding in the matter of <u>Claudia King v. VA Medical Center</u>, a protected activity under the Rehabilitation Act of 1973. Ms. Joseph, who was aware of the Plaintiff's participation in the protected activity and had assisted Ms. King in her complaint, engaged in a pattern of retaliatory measures against the Plaintiff ever since she became the Plaintiff supervisor in 1996. Joseph knew of the severe injury to Plaintiff's back that required accommodations.

The deposition testimony of the deponents, although incomplete at this point reveals that Ms. King and Ms. Joseph owned a home together, lived together and adopted a baby through this relevant time period. As the Plaintiff's supervisor, Ms. Joseph discriminated and retaliated against the Plaintiff by, *inter alia,* de facto demoting the Plaintiff by giving her additional assignments that were clearly not part of the responsibilities of the Plaintiff's position as a Nurse/Recruiter and Special Project Coordinator for the VA and giving the Plaintiff secretarial work and other clerical duties not part of and beneath her duites. On numerous occasions the Plaintiff attempted to obtain a different position that would be easier on her injuries but Ms. Joseph refused to speak with the Plaintiff regarding possible accommodation.

In November 1997, the Plaintiff was suddenly informed that her position would be eliminated as part of a VA reorganization. Two other administrative positions were eliminated at the same time, but unlike the Plaintiff those employees were immediately placed in special training for other positions which they were not required to apply for with other candidates. The Plaintiff, however, was required to apply with other candidates, for a posted case management position that was suitable for her medical restrictions and for which she was qualified. Despite her suitability with none or minimal training due to her qualifications, the Plaintiff's application was rejected. On December 3, 1997, the Plaintiff sent a letter to Ms. Joseph detailing the permanent restrictions the Plaintiff must adhere to as a result of her disability. These restrictions include (i) Plaintiff cannot sit longer than one hour at a time, (ii) Plaintiff cannot stand longer than one and a half hours and (iii) Plaintiff cannot lift more than 20 pounds. The Plaintiff was also examined by the VA's own doctors and they confirmed the disability findings.

Therefore, although Ms. Joseph knew of the Plaintiff's restrictions, the Plaintiff was reassigned to a Staff Nurse role on an acute surgical unit. This position requires extensive sitting during the first several days of orientation, followed by continuous standing. The Plaintiff attempted to work in this position but due to her documented physical disability discontinued working in the position at the end of December 1997. The placing of the Plaintiff in a position which she could not physically perform amounted to a constructive firing.

## PROCEDURAL BACKGROUND

The parties submitted a Fed. R. Civ. P. 26(f) report to the Court on February 13, 2002, in which both parties agreed to a discovery schedule with the date of November 30, 2002 set for completion of all discovery including depositions. On November 18, 2002, this Court granted a Joint Motion for an Extension of Time to Complete Discovery up to and including March 31, 2003 based upon defense counsel being transferred from AUSA Ikari to AUSA Morabito, the Defendant seeking additional time to complete Plaintiff's first set of interrogatories and requests for production, and the postponement of Plaintiff's deposition until after December 20, 2002 due to Plaintiff's hyperthyroidism condition and her physicians recommendation. (Exhibit A) On March 7, 2003, a two-month extension was granted due to the Defendant requiring more time for additional depositions. On May 13, 2003, the court granted another two-month extension based on Plaintiff's request for additional time to complete discovery. On July 2, 2003, the Court granted a joint motion for additional time to complete discovery until September 14, 2003.

On October 8, 2003, the Defendant filed a motion for summary judgment. On October 28, 2003, the Plaintiff requested and was granted an enlargement of time to file

an opposition to the summary judgment motion. On November 26, 2003, counsel for the Plaintiff contacted Defendant's counsel who stated that while he consents to the companion motion for an enlargement of time to file an opposition to summary judgment he could not consent to this instant motion for a stay of the summary judgment motion.

The Plaintiff has diligently attempted to complete discovery by the Court's mandated deadline. However, due to actions taken by the Defendant, the Plaintiff was unable to complete necessary depositions. On June 30, 2003, the Plaintiff attempted to depose Jo Ellen Moon and Janice Joseph. Contrary to the Federal Rules of Civil Procedure, prior to the scheduling of the depositions the Defendant restricted the Plaintiff to only three hours time to depose each witness. The deposition for Ms. Moon was scheduled for 9 a.m. at the Newington Campus of the VA, but did not actually begin until 10:25 a.m. due to poor travel instructions and unfamiliarity of counsel with the area. Nevertheless, counsel for the Defendant stopped the Plaintiff's attorney at 12:00 noon in mid-sentence and ended the deposition. The deposition for Ms. Joseph was scheduled to begin at 12:30 p.m. but did not actually begin until 12:56 p.m. Counsel for the Defendant stopped the deposition at 3:45 just as the Plaintiff's attorney was beginning a line of questioning that was harmful to the Defendant's case. By deliberately breaking the deposition of all of the Plaintiff's deponent into small pieces it unnecessarily ensured a disjoined deposition record, unnecessary duplicative preparation by Plaintiff's counsel, allowed for repositioning of the deponents testimony, and intentionally elongated the entire process to the severe detriment of the Plaintiff. In point of fact, one of the witnesses was no longer employed by the VA, yet the U.S. Attorney still insisted that she

could only be deposed in Newington and continued to insist that the time limitations or the location of the deponent could not be made more convenient.

In contrast to Defense counsel's behavior during depositions, the Plaintiff, a full time school nurse who had only recently obtained employment, at great effort arranged coverage and made herself available to be deposed by the Defendant. Unlike the employees of the Defendant, who were ostensibly unable to travel away from their place of work or take any more than a few hours off from work. In contrast, the Plaintiff made arrangements to take the entire day off from her job as a new school nurse, found a replacement and traveled to the US Attorney's office in order to be deposed by the Defendant. Although the witnesses that the Plaintiff deposed worked in the hospital complex, no one could arrange for coverage for the requested witnesses to participate in depositions. The Defendant could not be bothered to take the necessary steps to ensure a that full deposition could take place. One wonders if the same situation arises when deponents take vacation or personal days. As a result of this situation the Plaintiff has unavoidably been able to fully conduct their depositions as provided under the Fed. R. Civ. P.

## ARGUMENT

The Plaintiff respectfully requests that the Court grant the Plaintiff's Motion to Stay the Motion for Summary Judgment and grant Additional Time for the Plaintiff to Complete Depositions. This request is predicated upon the incontrovertible factual history showing: (i) The Plaintiff has diligently attempted to complete depositions before the end of the court-mandated discovery period, (ii) the Defendant impermissibly restricted the amount of time the Plaintiff's attorney was permitted to question deposition

8

witnesses, (iii) the Defendant refused to permit witnesses employed by the Defendant to arrange for time off work in order to be deposed, and (iv) only allowed the Plaintiff to depose witnesses employed by the Defendant at the employees place of work.

**I.     The Defendant restricted the Plaintiff's ability to conduct thorough depositions.**

The Defendant only permitted the Plaintiff to conduct depositions of witnesses vital to the Plaintiff's case according to the Defendant's strict terms and conditions. When the Plaintiff sought to depose Janice Joseph and Jo Ellen Moon, the Defendant claimed that it was not possible for them to either take time off from work or travel to the Plaintiff's law firm. As stated before, the scheduled depositions for each witness were restricted by Defendant to no longer than three hours even though the Defendants were accommodated by holding the depositions at the deponent's own places of employment. When the depositions started late, due to poor travel instructions, the counsel for the Defendant put a stop to the questioning at the scheduled end time, even though three hours of deposing had not taken place. Such time limitations placed an undue burden upon Plaintiff's counsel, conveyed his line of questioning and interrupted the orderly gathering of evidence from the fact witnesses. In fact, during the deposition of Ms. Joseph, the Defendant's attorney stopped the proceedings immediately upon the Plaintiff's counsel beginning a line of questioning that would be harmful to the Defendant's case.

In contrast to the Defendant's actions, the Plaintiff at great personal sacrifice arranged for coverage for a new school nurse, found a replacement for the day and traveled to the U.S. Attorney's office in order for the Defendant to take her deposition. No restrictions were placed upon the Defendant in taking her deposition and the

9

Defendant's were able to question the Plaintiff on any issues they felt the Plaintiff had information.

## II. Good cause exists for the Court to grant Plaintiff's motion.

Fed. R. Civ. P. 16(b) states that the scheduling order setting the time period for discovery "shall not be modified except upon a showing of good cause and by leave of the district judge." As stated above, the Plaintiff was unable to complete depositions due the numerous unnecessary restrictions placed on the Plaintiff when trying to depose Ms. Moon and Ms. Joseph. Unlike the Plaintiff, the Defendant was able to complete the deposition of the Plaintiff without any such artificial restrictions.

The general rule states that a court's scheduling order should not be amended. However, "in certain cases the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1982 amendment, discussion of subsection (b)). The Second Circuit applied this reasoning when they stated in Parker v. Columbia Pictures Industries, 204 F.3d 326, 340, "Where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." Parker at 340. See also, Grachowski v. Phoenix Construction, 318 F.3d 80, 86 ("The Court's scheduling order 'shall not be modified except upon a showing of good cause'" and "A finding of good cause depends on the diligence of the moving party."), Lowry v. Eastman Kodak, Co., 14 Fed. Appx. 27, 30 (Under Fed. R. Civ. P. 16(b) district court scheduling orders 'shall not be modified except upon a showing of good cause.'"), Sigros v. Walt Disney World, Co., 190 F. Supp. 2d 165. 169 ("The Court may modify the scheduling order upon good cause shown."), Associated Imports, Inc. v.

10

International Longshoremen's Assn., et al., 1986 U.S. Dist. LEXIS 29681 (The court granted Defendant's motion for an extension of the discovery deadline after a finding that the defendant had been reasonably diligent in completing discovery and that the extension was reasonable in the circumstances of the case.)

Good cause exists for the court to grant Plaintiff's motion and extend the discovery period. As shown above, throughout the discovery process the Plaintiff made a good faith and diligent effort to comply with the Fed. R. Civ. P. 26(f) schedule and complete all discovery by the September 14, 2003 deadline. The Plaintiff has not been dilatory in their efforts to complete discovery in compliance with the Fed. R. Civ. P. 26(f) schedule. Had the Plaintiff been dilatory, then dismissal would be the appropriate sanction under the standard set forth in Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (The Court dismissed Plaintiff's case because of the Plaintiff refusal to prosecute the suit.) See also, United States ex rel. Drake v. Norden Sys., 2003 U.S. Dist. LEXIS 3044 (D. Conn. 2003) (Where the Plaintiff's dilatory delay in prosecuting their case prejudices the Defendant, dismissal is the proper sanction.) The Plaintiff has not been dilatory in prosecuting their case; rather the delay has been a result of the Defendant's unnecessary restrictions placed upon the Plaintiff's ability to depose witnesses and timing issues concerning the availability of the deponents. As dismissal is not an appropriate sanction for the Defendant's delay tactics, the proper remedy should be an extension of time in order for the Plaintiff to complete the depositions of Ms. Moon and Ms. Joseph.

Beyond peradventure, only as a result of the Defendant's pattern of unnecessary restrictions concerning the Plaintiff's ability to conduct depositions is Plaintiff's counsel now forced into the situation of requesting an extension in order to complete the

11

depositions of Ms. Moon and Ms. Joseph. The fact that the Defendant intentionally prevented the Plaintiff from conducting full depositions of witnesses should not prejudice the Plaintiff from being able to discover the evidence vital to her case. The court should not support deceptive conduct designed to circumvent the discovery practices at the root of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the court grant Plaintiff's Motion to Stay the Motion for Summary Judgment and Grant Additional Time for the Plaintiff to Complete Depositions.

Respectfully Submitted,
The Plaintiff
Karen Verrinder

By:_____
Eugene N. Axelrod, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge CT 06525
Federal Bar No. ct 00309
Tel: (203) 389-6526
Fax: (203) 389-2656

# EXHIBIT

# A

# VALLEY MEDICAL ASSOCIATES, P.C.

135 DIVISION STREET • ANSONIA, CT 06401
TELEPHONE: 735-9314 • FAX: 732-2106

STEPHEN J. MOSES, M.D., F.A.C.P.
RHEUMATOLOGY
JEFFREY T. DREZNICK, M.D., F.A.C.G.
GASTROENTEROLOGY

300 SEYMOUR AVENUE • DERBY, CT 06418
TELEPHONE: 735-3500 • FAX: 735-0505

DAVID MOLL, M.D.
ENDOCRINOLOGY
YUVRAJ KUMBKARNI, M.D.
ENDOCRINOLOGY
INTERNAL MEDICINE
JUDITH HELLER, APRN

November 4, 2002

Christopher F. Drowney
U.S. District Court Judge for
District of Connecticut
450 Main Street
Hartford, CT 06103

RE: Karen Verrinder

Dear Judge Drowney:

Karen Verrinder is a patient under my care. She has recently been diagnosed with recurrent hyperthyroidism. On Friday, October 25, 2002 the patient was in the emergency room with an episode of supraventricular tachycardia with a heart rate of 248 beats per minute. She had to be taken out of her home by ambulance and was taken to the Griffin Hospital Emergency Room. She received medication to help correct her heart rate and was later seen by me in the office. Additional medication has been started.

The patient has been scheduled to undergo further treatment with radioactive iodine on November 29, 2002 to ablate her thyroid. To prepare her for the treatment, we will need to discontinue her Tapazole, which could exacerbate her symptoms of hyperthyroidism. She may experience further episodes of rapid heart rate and anxiety.

Because of the patient's current medical condition, I do not think it is advisable for her to undergo a deposition at this time. Patients with hyperthyroidism have a difficult time tolerating even every day stresses. I would recommend that the deposition be postponed at least until December 20, 2002. By that time, we should have her thyroid disease under better control.

Yours sincerely,

David Moll, M.D.
djg
cc: Eugene Axelrod
    The Employment Law Group
    8 Lunar Drive
    Woodbridge, CT 06525

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail, postage pre-paid on this __2nd__ day of ~~November~~ December to the following counsel of record:

Attorney Douglas P. Morabito
United States Attorney
District of Connecticut
157 Church Street
New Haven CT 06510

_____
Eugene N. Axelrod

13